IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL R. MAYFIELD,

    Plaintiff,

vs.                                                                                                     No. CIV 16-0805 JB/WPL

JOE GARCIA; LEE HOOD;
JEFFREY SCOVIL and
JENNIFER WARNERBACH,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, and under 28 U.S.C. § 1915(d)(2)(B), on (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed July 8, 2016 (Doc. 1)("Complaint"); (ii) the Plaintiff's Motion to Amend Complaint, filed July 21, 2016 (Doc. 5)("First Motion to Amend"); (iii) the Plaintiff's Amended Complaint, filed July 21, 2016 (Doc. 5-1)("First Amended Complaint"); (iv) the Plaintiff's "2nd Amended" Prisoner's Civil Rights Complaint, filed July 28, 2016 (Doc. 6)("Second Amended Complaint"); (v) the Plaintiff's Letter to the Court Re: Filing a Motion to Amend (dated January 27, 2017), filed January 30, 2017 (Doc. 14)("First Letter"); (vi) the Plaintiff's Motion to Amend Complaint, filed January 30, 2017 (Doc. 15)("Second Motion to Amend"); (vii) the Plaintiff's (3) [sic] Amended Prisoner's Civil Rights Complaint, filed January 30, 2017 (Doc. 16)("Third Amended Complaint"); (viii) the Plaintiff's Motion to Amend Complaint, filed February 2, 2017 (Doc. 18)("Third Motion to Amend"); (ix) the Plaintiff's Fourth Motion to Amend Good Cause Shown [sic], filed February 6, 2017 (Doc. 20)("Fourth Motion to Amend"); (x) the Plaintiff's Letter to the Court Re: Misplaced Documents (dated

February 14, 2017), filed February 15, 2017 (Doc. 23)("Second Letter"); (xi) the Plaintiff's Letter to the Court Re: Leave to Amend (dated February 14, 2017), filed February 15, 2017 (Doc. 24)("Third Letter"); (xii) the Plaintiff's Motion to Amend Complaint, filed February 15, 2017 (Doc. 25)("Fifth Motion to Amend"); (xiii) the Plaintiff's Last One Prisoner's Civil Rights Complaint, filed February 15, 2017 (Doc. 25-1)("Fourth Amended Complaint"); (xiv) the Plaintiff's Letter to the Court Re: Motion to Amend (undated), filed February 21, 2017 (Doc. 26)("Fourth Letter"); (xv) the Plaintiff's Motion to Amend/Cure Deficiency, filed February 21, 2017 (Doc. 27)("Sixth Motion to Amend"); (xvi) the Plaintiff's Motion to Amend Probation, filed February 28, 2017 (Doc. 28)("Motion to Amend Probation"); (xvii) the Plaintiff's Letter to the Court Re: True Story/Plea Deals (dated February 24, 2017), filed February 28, 2017 (Doc. 29)("Fifth Letter"); (xviii) the Plaintiff's Motion to Amend Habius [sic] Corpus 1st Prisoner's Civil Rights Complaint, filed March 6, 2017 (Doc. 30)("Seventh Motion to Amend"); (xix) the Plaintiff's Letter to the Court Re: Copies of Electronic Filings (dated March 6, 2017), filed March 10, 2017 (Doc. 31)("Sixth Letter"); (xx) the Plaintiff's Supplement to Seventh Motion to Amend, filed March 17, 2017 (Doc. 32)("Supplement to Seventh Motion to Amend"); (xxi) the Plaintiff's Motion to Amend Complaint, filed April 19, 2017 (Doc. 34)("Eighth Motion to Amend"); (xxii) the Plaintiff's Letter to the Court Re: Correcting Miscarriage of Justice and Mockery of the Judicial System (dated April 17, 2017), filed April 25, 2017 (Doc. 35)("Seventh Letter"); (xxiii) the Plaintiff's Motion to Show Cause, filed April 27, 2017 (Doc. 36)("Motion to Show Cause"); (xxiv) the Plaintiff's Motion to Amend Complaint, filed April 27, 2017 (Doc. 37)("Ninth Motion to Amend"); and (xxv) the Plaintiff's Motion to Amend Writ of Habeas Corpus 28 U.S.C. 22.54 & 42 USC 1983/81, filed May 11, 2017 (Doc. 38)("Tenth Motion to Amend"). Plaintiff Earl R. Mayfield is incarcerated, appears pro se, and is proceeding in forma

pauperis. For the reasons explained below, the Court will: (i) dismiss without prejudice Mayfield's Complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B); (ii) dismiss Mayfield's amended complaints and supplemental filings, and deny his motions to amend, for failure to comply with rule 8(a)'s pleading requirements; and (iii) grant Mayfield thirty days in which to file a single, comprehensive, and factually specific amended complaint that complies with this Memorandum Opinion and Order's standards.

**FACTUAL AND PROCEDURAL BACKGROUND**

Mayfield currently has five cases pending before the Court: (i) Earl R. Mayfield v. Joe Garcia, et al., No. CV 16-00805 JB/WPL; (ii) Earl Mayfield v. Tom Ruiz, No. CV 17-00193 JCH/LAM; (iii) Earl R. Mayfield v. Ken Smith, Warden, et al., No. CV 17-00237 RJ/CG; (iv) Earl R. Mayfield v. Craig Cole, et al., No. CV 17-00332 WJ/KK; and (v) Earl R. Mayfield v. Presbyterian Hospital Administration, No. CV 17-00398 MCA/KRS. Each lawsuit involves different claims for relief against different defendants and correctional facilities. The Court has received multiple, largely incomprehensible, filings from Mayfield, which he often requests be filed in all of the pending cases regardless whether the filings are relevant to all or even any of the cases.

Mayfield originally filed this proceeding as a prisoner civil rights action under 42 U.S.C. § 1983. He named as Defendants the New Mexico Probation and Parole Office, Probation Officer Joe Garcia, and New Mexico Public Defender contract and staff attorneys Lee Hood, Jeffrey Scovil, and Jennifer Warnerbach. See Complaint at 1. At the time he filed suit, Mayfield was incarcerated at the Metropolitan Detention Center ("MDC"). He alleges a wide-ranging conspiracy among the Defendants, MDC, the Bernalillo County (New Mexico) Sheriff's Office, jealous ex-girlfriends, and the Second Judicial District Court, State of New Mexico, to keep him

illegally incarcerated on sentences imposed in multiple New Mexico criminal proceedings. See Complaint at 8-16. He seeks $1,000,000.00 in compensatory damages and $1,000,000.00 in punitive damages, as well as immediate release from custody, reinstatement of his bond, and various sanctions against individual Defendants. See Complaint at 7, 17-22.

Since filing his original Complaint, Mayfield has filed four amended complaints, see First Amended Complaint at 1; Second Amended Complaint at 1; Third Amended Complaint at 1; Fourth Amended Complaint at 1, and ten motions to amend, see First Motion to Amend at 1; Second Motion to Amend at 1; Third Motion to Amend at 1; Fourth Motion to Amend at 1; Fifth Motion to Amend at 1; Sixth Motion to Amend at 1; Seventh Motion to Amend at 1; Eighth Motion to Amend at 1; Ninth Motion to Amend at 1; Tenth Motion to Amend at 1. The Court has also received multiple letters and supplemental filings from Mayfield containing allegations and argument related to his original Complaint and amended complaints. See First Letter at 1; Second Letter at 1; Third Letter at 1; Fourth Letter at 1; Fifth Letter at 1; Sixth Letter at 1; Supplement to Seventh Motion to Amend at 1; Seventh Letter at 1; Motion to Show Cause at 1; Motion to Amend Probation at 1. Although Mayfield continues to allege an ongoing conspiracy to deprive him of his constitutional rights, the amended complaints, motions to amend, letters, and supplements set forth conclusory allegations involving lawyers, police officers, judges, and state officials different from those named as Defendants in the original Complaint.

## LAW REGARDING PLEADING REQUIREMENTS

The decision to strike a pleading or to dismiss an action without prejudice for failure to comply with rule 8 of the Federal Rules of Civil Procedure is within the district court's sound discretion. See Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993); Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

To state a claim for relief, rule 8(a) requires a plaintiff's complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that [he] is entitled to relief, and (3) a demand for judgment for the relief [he] seeks." Fed. R. Civ. P. 8(a). Although the Court is to construe pro se pleadings liberally, a pro se plaintiff must follow the rules of federal and appellate procedure. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

A pro se complaint is subject to dismissal under rule 8(a) if it is "incomprehensible." Olguin v. Atherton, 215 F.3d 1337 (10th Cir. 2000); Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996). Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. See Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007); Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989). Imprecise pleadings undermine the complaint's utility and violate rule 8's purpose. See Knox v. First Security Bank of Utah, 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings that bury material allegations in "a morass of irrelevancies" do not meet rule 8(a)'s pleading requirement of a "short and plain statement." Mann v. Boatright, 477 F.3d at 1148. See Ausherman v. Stump, 643 F.2d 715, 716 (10th Cir. 1981)(describing a sixty-three-page complaint as "prolix" and concluding that it violated rule 8(a)'s "short and plain" statement requirement).

Moreover, courts should deny leave to amend when it appears that the plaintiff is attempting "to make the complaint 'a moving target[.]'" Minter v. Prime Equipment Co., 451 F.3d 1196, 1206 (10th Cir. 2006)(quoting Viernow v. Euripides Dev. Corp., 157 F.3d 785, 800 (10th Cir. 1998)). It is unreasonable to expect the Court or the defendants continually to have to adapt as the plaintiff develops new theories or locates new defendants. There comes a point

when even a pro se plaintiff has had sufficient time to investigate and to properly frame his claims against specific defendants. See Minter v. Prime Equipment Co., 451 F.3d at 1206.

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

Mayfield is proceeding pro se and in forma pauperis. The Court has discretion to dismiss an in forma pauperis complaint sua sponte for failure to state a claim upon which relief may be granted either under rule 12(b)(6) of the Federal Rules of Civil Procedure or under 28 U.S.C. § 1915(e)(2)(B). Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. See Bell Atl. Corp. v. Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), a court may dismiss a complaint at any time if it determines that the complaint fails to state a claim for relief, or that it is frivolous or malicious. See 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). See also Hall v. Bellmon, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based

solely on the pleadings, to accept without question the truth of the plaintiff's allegations. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations, but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. See Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, the court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. See Ogden v. San Juan County, 32 F.3d at 455. The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. See Hall v. Bellmon, 935 F.2d at 1110. Nor may the court assume the role of advocate for the pro se litigant. See Hall v. Bellmon, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow the plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. See Hall v. Bellmon, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## **ANALYSIS**

Under § 1915(e)(2)(B), the Court will dismiss Mayfield's original Complaint for failure to state a claim upon which relief may be granted. The Court concludes that the Complaint fails to state a claim against the named Defendants under § 1983, and that, regardless, the Court must

dismiss the Complaint, because the relief Mayfield seeks would necessarily imply the invalidity of his sentence in his state criminal cases. Similarly, the Court will dismiss Mayfield's amended complaints and supplemental filings, and will deny his motions to amend, for failure to comply with rule 8(a)'s pleading requirements. Finally, the Court will grant Mayfield an opportunity to file one comprehensive and factually specific amended complaint.

I. **MAYFIELD'S ORIGINAL COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

Applying the § 1915(e)(2)(B) standard, Mayfield's original Complaint fails to state a claim for relief against any of the named Defendants under 42 U.S.C. § 1983. First, Mayfield names "NM Probation & Parole for State of New Mexico,"[1] and Probation officer Joe Garcia as Defendants. Complaint at 1-2. Section 1983 states:

> "Every person who, under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. NM Probation and Parole is an agency or entity of the State of New Mexico. The State is not a "person" within § 1983's meaning and, therefore, there is no remedy against the State under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989)("[A] State is not a 'person' within the meaning of § 1983 . . . ."). Accordingly, the claims against NM Probation and Parole fail to state any claim for relief under § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 63-64 (1989).

In addition, NM Probation & Parole and its members are immune from damages liability for actions taken in performance of official duties regarding the granting or denial of parole. See

---

[1] The correct name is "New Mexico Corrections Department Probation & Parole."

Knoll v. Webster, 838 F.2d 450, 451 (10th Cir. 1988). To the extent that Mayfield's Complaint may be construed to request injunctive relief on the duration of his incarceration, Mayfield may not seek such relief against NM Probation & Parole or its officials in a § 1983 proceeding but, instead, may pursue such relief only through a habeas corpus claim pursuant to 28 U.S.C. § 2241. See Nelson v. Campbell, 541 U.S. 637, 643 (2004). See also Frey v. Adams County Court Servs., 267 F. App'x 811, 813 (10th Cir. 2008). The Court will thus dismiss the claims against Defendants NM Probation & Parole and Garcia without prejudice to Mayfield filing a habeas corpus petition.

Second, the Complaint also names as Defendants New Mexico Public Defender staff and contract attorneys Hood, Scovil, and Warnerbach. See Complaint at 1-3. The Supreme Court of the United States of America has specifically held that public defenders cannot be sued under § 1983, because they do not act under color of state law. See Polk County. v. Dodson, 454 U.S. 312, 315 (1981). The Supreme Court has explained that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. See Polk County. v. Dodson, 454 U.S. at 325. Here, Mayfield makes allegations against Scovil and Warnerbach regarding their functions as counsel in his criminal case, and appears to name Hood because he was New Mexico's chief public defender at the time. See Complaint at 1-3. Because the Complaint's allegations against these Defendants are all based on their acts as criminal defense attorneys, the Court will dismiss them. See Polk County. v. Dodson, 454 U.S. at 325.

Last, Heck v. Humphry, 512 U.S. 477 (1994), also bars Mayfield's claims. In Heck v. Humphry, the Supreme Court addressed the question when a prisoner may bring a § 1983 claim relating to his conviction or sentence. See 512 U.S. at 487. The Supreme Court held that, when

a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. See Heck v. Humphry, 512 U.S. at 487. The Heck v. Humphry doctrine also applies without respect to whether the relief sought is in the form of damages, or of equitable declaratory or injunctive relief. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). If success in the action would necessarily demonstrate the invalidity of the sentence or conviction, Heck v. Humphry bars the claim. See Harris v. Fulwood, 611 F. App'x 1, 2 (D.C. Cir. 2015).

Although it is difficult to follow Mayfield's contentions, his Complaint indicates that he pled guilty and was sentenced to twelve years in prison in 2008. See Complaint at 5. Other documents in the record show that, on August 9, 2011, he was sentenced to total of twelve years of incarceration at MDC, with a one-year credit for pre-sentence confinement, in seven criminal proceedings. See Emergency Temporary Delay of Criminal Trial at 85, filed September 15, 2016 (Doc. 11). The relief Mayfield seeks includes immediate release from custody. See Complaint at 19. Because a favorable ruling on Mayfield's claims would require treating his sentence in his state criminal cases as invalid, the Court must also dismiss the Complaint under the Heck v. Humphry doctrine. See Beck v. City of Muskogee Police Dept., 195 F.3d 553, 556-57 (10th Cir. 1999).

## II. MAYFIELD'S AMENDED COMPLAINTS, MOTIONS TO AMEND, AND SUPPLEMENTAL FILINGS DO NOT MEET RULE 8(A)'S REQUIREMENTS.

Mayfield's rambling, incomprehensible filings do not comply with rule 8's requirements. Mayfield's filings bury any material allegations in "a morass of irrelevancies," and do not meet rule 8(a)'s "short and plain statement" pleading requirement. Mann v. Boatright, 477 F.3d at 1148. See Ausherman v. Stump, 643 F.2d at 716. Moreover, Mayfield's motions seeking leave

to amend his complaint, in addition to being difficult to follow, turn this proceeding into a constantly moving target. See Minter v. Prime Equipment Co., 451 F.3d at 1206

Accordingly, the Court will dismiss for failing to comply with rule 8's requirements Mayfield's First Amended Complaint, Second Amended Complaint, Third Amended Complaint, and Fourth Amended Complaint, as well as Mayfield's letters and supplemental filings, i.e., his First Letter, Second Letter, Third Letter, Fourth Letter, Fifth Letter, Sixth Letter, Supplement to Seventh Motion to Amend, Seventh Letter, Motion to Show Cause, and Motion to Amend Probation. The Court will also deny for failing to comply with rule 8's pleading requirements Mayfield's First Motion to Amend, Second Motion to Amend, Third Motion to Amend, Fourth Motion to Amend, Fifth Motion to Amend, Sixth Motion to Amend, Seventh Motion to Amend, Eighth Motion to Amend, Ninth Motion to Amend, and Tenth Motion to Amend.

### III. THE COURT WILL GRANT MAYFIELD LEAVE TO FILE ONE AMENDED COMPLAINT.

The Court will grant Mayfield a reasonable opportunity to remedy defects in his pleading. See Reynoldson v. Shillinger, 907 F.2d at 126. Mayfield will have thirty days from the date of entry of this Memorandum Opinion and Order in which to file an amended complaint. The amended complaint may not exceed twenty-five pages in length, including attachments or exhibits. Mayfield may not include any attachment or exhibit unless the attached document forms the basis of the amended complaint. See Fed. R. Civ. P. 10(c); D.N.M. LR-Civ. 10.4. Nor may Mayfield reassert any of the claims the Court has dismissed in this Memorandum Opinion and Order.

Mayfield's amended complaint should be concise, and may raise only facts and issues relevant to his allegations of unconstitutional incarceration at MDC. The amended complaint must include all the allegations and supporting material that Mayfield wants the Court to

consider, and it may not reference or attempt to incorporate material from Mayfield's original Complaint. See D.N.M. LR-Civ. 9.2(c). Mayfield is to refrain from including unsupported speculation, he must limit the amended complaint to claims that directly concern him, and he may not discuss issues concerning other people. He is to avoid lengthy or irrelevant background information or other excessively long narratives.

Further, to state a claim under § 1983, Mayfield must allege some personal involvement by an identified official in the alleged constitutional violation. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in original). Generalized allegations against "defendants," without identification of actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. Robbins v. Oklahoma, 519 F.3d at 1249-50. The amended complaint must state the facts of each separate claim and why Mayfield believes his constitutional rights were violated. He should include identities of individual Defendants and their official positions, a description of their actions, and relevant dates, if available. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1988).

The amended complaint must stand alone and contain all of Mayfield's claims. See Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir.2007). The Court will not permit Mayfield to file anything in this proceeding other than one amended complaint until further Court order. See Fuentes v. Chavez, 314 F. App'x 143, 145 (10th Cir. 2009)(stating that there is a limit to how many "bites at the apple" even a pro se party must be given). See also Steiner v. Concentra, Inc., 195 F. App'x 723, 727-28 (10th Cir. 2006). If Mayfield does not file an amended complaint or

files an amended complaint that does not comply with these directions, the Court may dismiss this action with prejudice and without further notice.

**IT IS ORDERED** that: (i) the Plaintiff's Prisoner's Civil Rights Complaint, filed July 8, 2016 (Doc. 1), is dismissed without prejudice; (ii) the Plaintiff's Motion to Amend Complaint, filed July 21, 2016 (Doc. 5), is denied; (iii) the Plaintiff's Amended Complaint, filed July 21, 2016 (Doc. 5-1), is dismissed; (iv) the Plaintiff's "2nd Amended" Prisoner's Civil Rights Complaint, filed July 28, 2016 (Doc. 6), is dismissed; (v) the Plaintiff's Letter to the Court Re: Filing a Motion to Amend (dated January 27, 2017), filed January 30, 2017 (Doc. 14), is dismissed; (vi) the Plaintiff's Motion to Amend Complaint, filed January 30, 2017 (Doc. 15), is denied; (vii) the Plaintiff's (3) [sic] Amended Prisoner's Civil Rights Complaint, filed January 30, 2017 (Doc. 16), is dismissed; (viii) the Plaintiff's Motion to Amend Complaint, filed February 2, 2017 (Doc. 18), is denied; (ix) the Plaintiff's Fourth Motion to Amend Good Cause Shown [sic], filed February 6, 2017 (Doc. 20), is denied; (x) the Plaintiff's Letter to the Court Re: Misplaced Documents (dated February 14, 2017), filed February 15, 2017 (Doc. 23), is dismissed; (xi) the Plaintiff's Letter to the Court Re: Leave to Amend (dated February 14, 2017), filed February 15, 2017 (Doc. 24), is dismissed; (xii) the Plaintiff's Motion to Amend Complaint, filed February 15, 2017 (Doc. 25), is denied; (xiii) the Plaintiff's Last One [sic] Prisoner's Civil Rights Complaint, filed February 15, 2017 (Doc. 25-1), is dismissed; (xiv) the Plaintiff's Letter to the Court Re: Motion to Amend (undated), filed February 21, 2017 (Doc. 26), is dismissed; (xv) the Plaintiff's Motion to Amend/Cure Deficiency, filed February 21, 2017 (Doc. 27), is denied; (xvi) the Plaintiff's Motion to Amend Probation, filed February 28, 2017 (Doc. 28), is denied; (xvii) the Plaintiff's Letter to the Court Re: True Story/Plea Deals (dated February 24, 2017), filed February 28, 2017 (Doc. 29), is dismissed; (xviii) the Plaintiff's Motion to Amend

Habius [sic] Corpus 1st Prisoner's Civil Rights Complaint, filed March 6, 2017 (Doc. 30), is denied; (xix) the Plaintiff's Letter to the Court Re: Copies of Electronic Filings (dated March 6, 2017), filed March 10, 2017 (Doc. 31), is dismissed; (xx) the Plaintiff's Supplement to Seventh Motion to Amend, filed March 17, 2017 (Doc. 32), is dismissed; (xxi) the Plaintiff's Motion to Amend Complaint, filed April 19, 2017 (Doc. 34), is denied; (xxii) the Plaintiff's Letter to the Court Re: Correcting Miscarriage of Justice and Mockery of the Judicial System (dated April 17, 2017), filed April 25, 2017 (Doc. 35), is dismissed; (xxiii) the Plaintiff's Motion to Show Cause, filed April 27, 2017 (Doc. 36), is denied; (xxiv) the Plaintiff's Motion to Amend Complaint, filed April 27, 2017 (Doc. 37), is denied; (xxv) the Plaintiff's Motion to Amend Writ of Habeas Corpus 28 U.S.C. 22.54 & 42 USC 1983/81, filed May 11, 2017 (Doc. 38), is denied; (xxvi) Plaintiff Earl R. Mayfield is granted leave to file one amended complaint that complies with this Memorandum Opinion and Order, not to exceed twenty-five pages in length including exhibits, within thirty days of entry of this Memorandum Opinion and Order; and (xxvii) Mayfield is prohibited from filing any other document in this proceeding other than an amended complaint until further Court order.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Earl R. Mayfield
Clayton, New Mexico

    *Plaintiff Pro Se*

Joe Garcia

    *Defendant Pro Se*

Lee Hood

>*Defendant Pro Se*

Jeffrey Scovil

>*Defendant Pro Se*

Jennifer Warnerbach

>*Defendant Pro Se*