IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL R. MAYFIELD,

    Plaintiff,

vs.                                                           No. CIV 16-0805 JB/JHR

JOE GARCIA, LEE HOOD;
JEFFREY SCOVIL; and
JENNIFER WARNERBACH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rule 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d)(2)(B) on: (i) the Plaintiff's Motion for Release From Custody, filed May 25, 2017 (Doc. 39)("Motion"); (ii) the Plaintiff Earl Mayfield's Emergency Motion for Court Order and Exten[s]ion of Time Pursuant to State and Federal Law, filed June 29, 2017 (Doc. 45)("Emergency Motion"); and (iii) Mayfield's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 27, 2017 (Doc. 46)("Amended Complaint"). The Court: (i) denies the Motion as moot; (ii) grants the Emergency Motion; and (iii) dismisses Mayfield's Amended Complaint with prejudice for failure to comply with rule 8's pleading requirements, for failure to state a claim for relief, and as barred by the applicable statute of limitations.

## FACTUAL AND PROCEDURAL BACKGROUND

Mayfield has filed six cases before the District of New Mexico in the last two years: (i) <u>Mayfield v. Garcia</u>, No. CIV 16-0805; (ii) <u>Mayfield v. Ruiz</u>, No. CIV 17-0193; (iii) <u>Mayfield v. Smith</u>, No. CIV 17-0237; (iv) <u>Mayfield v. Cole</u>, No. CIV 17-0332; (v) <u>Mayfield

v. Presbyterian Hospital Administration, No. CIV 17-0398; and (vi) Mayfield v Suggs, No. CIV 17-1190.[1]  Each of the lawsuits involves claims for relief against various defendants including correctional facilities and correctional facility officers.  The Court has received multiple, largely inscrutable, filings from Mayfield, in which he frequently requests changes to all his pending cases regardless whether the filings are relevant to all or even any of the cases.

Mayfield originally filed this case as a prisoner civil rights action under 42 U.S.C. § 1983.  See Prisoner's Civil Rights Complaint at 1, filed July 8, 2016 (Doc. 1)("Complaint").  He named, as Defendants, the New Mexico Probation and Parole Office, Probation Officer Joe Garcia, and New Mexico Public Defender contract and staff attorneys, Lee Hood, Jeffrey Scovil, and Jennifer Warnerbach.  See Complaint at 1.  When he filed suit, Mayfield was incarcerated at the Bernalillo County Metropolitan Detention Center ("MDC").  See Complaint ¶ 1, at 1.  He alleged a wide-ranging conspiracy among the Defendants, MDC, Bernalillo County Sheriff's Office, jealous ex-girlfriends, and the Second Judicial District Court of the State of New Mexico, to keep him illegally incarcerated on sentences imposed in multiple New Mexico criminal proceedings.  See Complaint at 8-16.  He seeks $1,000,000.00 in compensatory damages and $1,000,000.00 in punitive damages, as well as immediate release from custody, reinstatement of his bond, and various sanctions against individual Defendants.  See Complaint at 7, 17-22.

On June 2, 2017, the Court dismissed Mayfield's Complaint for failure to state a claim and struck many of Mayfield's filings as incomprehensible and because they violated rule 8's pleading requirements.  See Memorandum Opinion and Order of Dismissal at 13-14, 2017 WL

---

[1]Mayfield has filed a total of thirteen cases in this district.  The other cases filed are: (i) Mayfield v. Waid, CIV 92-0349; (ii) Mayfield v. Bernalillo County Detention Center, CIV 92-0350; (iii) Mayfield v. New Mexico Department of Corrections, CIV 98-0699; (iv) Mayfield v. Hackett, CIV 07-0149; (v) Mayfield v. Torres, CIV 08-0413; (vi) Mayfield v. Torres, CIV 16-0840; and (vii) Mayfield v. Morris, CIV 17-0891.

3149358, at *6, filed June 2, 2017 (Doc. 42)("MOO").  In its MOO, the Court also granted Mayfield leave to file a single amended complaint that met rule 8's requirements.  See MOO at 14, 2017 WL 3149358, at *6.  The MOO provided that, in the Amended Complaint, Mayfield could assert claims arising only out of his incarceration at MDC.  See  MOO at 11, 2017 WL 3149358, at *6.  Last, the Court warned Mayfield that, if his Amended Complaint did not meet rule 8's requirements or failed to state a claim for relief, the Court may dismiss the proceeding with prejudice.  See MOO at 13, 2017 WL 3149358, at *6.

Mayfield's deadline to file an Amended Complaint was July 2, 2017.  See MOO at 11, 2017 WL 3149358, at *6.  On June 29, 2017, Mayfield filed the Emergency Motion requesting more time to filed an Amended Complaint.  See Emergency Motion at 1.  Mayfield then filed his Amended Complaint on July 27, 2017.  See Amended Complaint at 1.  The Court grants Mayfield's Emergency Motion and will treat his Amended Complaint as timely.

The allegations in Mayfield's Amended Complaint are, again, confusing.  The Amended Complaint appears to assert five causes of action: (i) "Count I: Cruel/Unusual punishment"; (ii) "Count II: Aimie Hand[i]cap Act, even up to 1-9-17 – 2-1-17 the lates [sic]"; (iii) "Count III: my property was stolen"; (iv) "Claim 4: I was taken to psy appointment by 2 CO asign by Captain Hogan to Barbara Swart and Jane Doe PS *The two Cos were v[i]olation Hippo along with psy Swart [sic]"; and (v) "I was given false misconduct reports by F4 pod officer having my/ (canteen) stolen d[ue] to fake misconduct reports and because of report I was not allow[ed] to order, all on Capt. Hogan / Sgt. Jeter Wacth [sic]."  Amended Complaint at 5-8.  The gist of those five causes of action appear to be: (i) a cruel and unusual punishment claim for being housed in a two-man cell with three inmates for years, see Amended Complaint at 2, 5; and (ii) an Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, claim for not being

placed in a separate cell, as he is disabled and uses a walker, see Amended Complaint at 5.[2] In his Request for Relief, Mayfield requests:

> $250,000.00 from each & ever[y] Def[endant] in the[ir] each & individual official capacity that they be ordered to come into compliance with [the] Americans Disability Act and refrain from the all mention above Const[itutional] violations State and Fed[eral] Law violations and separate Def[endant] ask to be granted new partial with gold teeth, reimbursement of canteen loss this relief be monetary, compensatory, punitive damages. And any other relief this court deems just and appropriate/I be provide[d] a new walker all hand[i]cap inmates (rooms) with ramps also shower be made hand[i]cap access[ible].

Amended Complaint at 9. The Amended Complaint identifies Probation Officer Joe Garcia, Ron Torrez, Chief of Corrections, "Capt. Candelaria, Capt. Holgen, Sgt Guets [sic], Sgt. Owens, CO Ridell, and Sgt. Grant" as Defendants. See Amended Complaint at 1-2, 4.

When Mayfield filed the Complaint, he was incarcerated at MDC. See Complaint at 1. He appears to have been released from MDC custody before August 30, 2016. See Letter from United States District Court to Earl R. Mayfield (dated August 15, 2016), filed August 16, 2017 (Doc. 9). Since August 30, 2016, Mayfield has filed four notices of change of address. See Letter from Earl Mayfield to Federal District Court (dated August 23, 2016), filed August 30, 2016 (Doc. 10); Letter from Earl Mayfield to US District Court (dated January 30, 2017), filed February 2, 2017 (Doc. 17); Letter from Earl Mayfield to United States District Court Clerk,

---

[2]The Court could not discern a federal cause of action from claims three through five that would apply against the Defendants. He does not allege that correctional officers stole anything from him. To the extent that claims three and five state a claim for relief premised on negligence, the Court, because it dismisses all federal claims, declines to exercise supplemental jurisdiction and dismisses those claims without prejudice. See 28 U.S.C. § 1367(c)(3); Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009)("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); United States v. Botefuhr, 309 F.3d 1263, 1273 (10th Cir. 2002)(concluding that if a district court has not already spent a good deal of time and energy on a state law claim, that it "should normally dismiss supplemental state law claims after all of the federal claims have been dismissed.").

(dated February 2, 2017), filed February 6, 2017 (Doc. 19); Letter from Earl Mayfield to United States District of New Mexico (dated March 20, 2017), filed March 23, 2017 (Doc. 33)("March Letter"). He has been incarcerated at Eastern New Mexico Correctional Facility in Clayton, New Mexico since March, 2017. See March Letter at 1.

## LAW REGARDING THE STATUTE OF LIMITATIONS GOVERNING § 1983 CIVIL RIGHTS CLAIMS

The three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 governs civil rights claims arising in New Mexico under § 1983. See Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212 (10th Cir. 2014)("Varnell"). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. Varnell, 756 F.3d at 1216. The injury's extent is irrelevant to the analysis, and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. See Wallace v. Kato, 549 U.S. 384, 391 (2007); Harvey v. United States, 685 F.3d 939, 949 (10th Cir. 2012). The applicable statute of limitations for Mayfield's claims under § 1983 is N.M. Stat. Ann. § 37-1-8's three-year statute of limitations.

A pleading may be subject to dismissal when an affirmative defense, such as a statute of limitations, appears on the face of the complaint or petition. See Jones v. Bock, 549 U.S. 199, 214-15 (2007); Vasquez Arroyo v. Starks, 589 F.3d 1091, 1096 (10th Cir. 2009). Where the statute of limitations defense appears on a pleading's face, it is properly dismissed for failure to state a claim for relief under rule 12(b)(6). See Vasquez Arroyo v. Starks, 589 F.3d at 1096.

## LAW REGARDING PLEADING

The decision to strike a pleading or to dismiss an action without prejudice for failure to comply with rule 8 is within the district court's sound discretion. See Kuehl v. FDIC, 8 F.3d

905, 908 (1st Cir. 1993); Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). To state a claim for relief, rule 8(a) requires that a plaintiff's complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that [he] is entitled to relief, and (3) a demand for judgment for the relief [he] seeks." Fed. R. Civ. P. 8(a). Although the Court is to construe pro se pleadings liberally, a pro se plaintiff must follow the rules of federal and appellate procedure. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

A pro se complaint may be stricken or dismissed under rule 8(a) if it is "incomprehensible." See Carpenter v. Williams, 86 F.3d 1015, 1016 (10th Cir. 1996); Olguin v. Atherton, 215 F.3d 1337 (10th Cir. 2000). Rule 8(a)'s purpose is to require plaintiffs to state their claims intelligibly so as to give fair notice of the claims to opposing parties and the court. See Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007); Monument Builders of Greater Kansas City, Inc., v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989). Imprecise pleadings undermine the complaint's utility and violate rule 8's purpose. See Knox v. First Security Bank of Utah, 196 F.2d 112, 117 (10th Cir. 1952). Rambling and incomprehensible filings that bury material allegations in "a morass of irrelevancies" do not meet rule 8(a)'s pleading requirement of a "short and plain statement." See Mann v. Boatright, 477 F.3d at 1148; Ausherman v. Stump, 643 F.2d 715, 716 (10th Cir. 1981).

Moreover, a plaintiff may not seek to amend a complaint in a manner that turns the complaint into a "moving target." It is unreasonable to expect a court or the defendants to have to continually adapt as the plaintiff develops new theories or locates new defendants. There comes a point when even a pro se plaintiff has had sufficient time to investigate and to properly

frame his or her claims against specific defendants. See Minter v. Prime Equipment Co., 451 F.3d 1196, 1206 (10th Cir. 2006).

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

Mayfield is proceeding pro se and in forma pauperis. The Court has the discretion to dismiss an in forma pauperis complaint sua sponte for failure to state a claim upon which relief may be granted under either rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Twombly"); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. Twombly, 550 U.S. at 570.

Under § 1915(e)(2)(B), a court may dismiss a complaint at any time if the court determines the action fails to state a claim for relief, or is frivolous or malicious. See 28 U.S.C. § 915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. See Neitzke v. Williams, 490 U.S. 319, 327 (1989). See also Hall v. Bellmon, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. See

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials that the parties filed, as well as court proceedings subject to judicial notice. See Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, a court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Given that the same legal standards apply to all litigants, a pro se plaintiff must abide by the applicable rules of court. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). A court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. See Hall v. Bellmon, 935 F.2d at 1110.

## ANALYSIS

The Court concludes that the three-year statute of limitations bars the Plaintiffs' § 1983 claims, as he alleges the claims arise from the time period between 2005 and 2012. The Court also concludes that Mayfield's Amended Complaint does not meet rule 8 or rule 12(b)(6)'s requirements. Accordingly, the Court dismisses the Amended Complaint. Because the Amended Complaint does not state a claim for relief, the Court also imposes a strike under 28 U.S.C. § 1915(g).

**I.    THE STATUTE OF LIMITATIONS BARS ALL § 1983 CLAIMS ARISING OUT OF MAYFIELD'S 2005-12 INCARCERATION.**

Mayfield alleges that his claims arise out of his incarceration at MDC between 2005 and 2010. See Amended Complaint at 1. He also appears to allege a second period of incarceration during 2011 and 2012. See Amended Complaint at 4. The Court takes judicial notice that, from

2008 to 2010, Mayfield had a prisoner civil rights case pending against MDC and several of the same Defendants that are named in this case. See Mayfield v. Torres, No. CV 08-0413, (Doc. 1). See also Duhart v. Carlson, 469 F.2d 471, 473 (10th Cir. 1972)(concluding that a court may take judicial notice of its own records).

Mayfield did not file his Complaint in this case until July 8, 2016. See Complaint at 1. More than three years elapsed before Mayfield filed his claims arising out of the incarcerations between 2005 and 2012. Further, Mayfield's prior civil rights suit establishes that Mayfield was aware of the alleged constitutional injuries and their causes many years before filing this suit. See Varnell v. Dora Consol. Sch. Dist., 756 F.3d at 2016. To the extent Mayfield seeks to assert civil rights claims against MDC and its officers arising out of his incarcerations between 2005 and 2012, the N.M. Stat. Ann. § 37-1-8's three year statute of limitations bars those claims. See Varnell v. Dora Consol. Sch. Dist., 756 F.3d at 1212.[3]

## II. MAYFIELD'S AMENDED COMPLAINT DOES NOT MEET RULE 8 PLEADING REQUIREMENTS.

Mayfield's Amended Complaint's allegations are rambling, somewhat incoherent, and cover seventeen years of events. See Amended Complaint at 2-4, 6-8. It appears that, during portions of the time period which the Amended Complaint covers, Mayfield was not incarcerated

---

[3] To the extent that Mayfield asserts an ADA claim against MDC and its officers, that claim is not necessarily barred under the applicable statute of limitations. The ADA does not have a statute of limitations. See E.E.O.C. v. W.H. Braum, Inc., 347 F.3d 1192, 1197 (10th Cir. 2003). For Title II and III claims under the ADA, a court applies the analogous state statute of limitations, which has been the same state statute of limitations that courts use for § 1983 claims. See E.E.O.C. v. W.H. Braum, Inc., 347 F.3d at 1197; Rhodes v. Langston Univ., 462 F. App'x 773, 780 n.6 (10th Cir. 2011)(unpublished). Mayfield seems to allege, however, that the ADA violation occurred in 2016 or, possibly 2017. See Complaint at 2 ("[A]ll the above mention[ed] Def. violated the American Disability Act . . . this also applies to the years of 2016 to all the above mention[ed] Defendants, Jan. 2017"). Accordingly, N.M. Stat. Ann. § 37-1-8's three-year statute of limitations does not, necessarily, bar the ADA claim.

or was incarcerated at facilities other than MDC. See Amended Complaint at 2-4. It is impossible to discern, however, whether Mayfield's claims are related to his MDC incarcerations or to incarceration at other facilities. See Amended Complaint at 2-4. Some of his allegations appear to relate to his incarceration at either Central New Mexico Correctional Facility or Eastern New Mexico Correctional Facility. See, e.g., Amended Complaint at 3 ("[O]n 2-17 he was transferred to DOC . . . and a different cause # as his incarceration at DOC continued threw letters/grievences filed at which point [I] would like to include as a defendant head of grievance and disciplinary officer phil Chacon.").

Mayfield's rambling and confusing filings bury any possible material allegations in "a morass of irrelevancies" and do not meet rule 8's "short and plain statement" requirement. Mann v. Boatright, 477 F.3d at 1148. See Ausherman v. Stump, 643 F.2d at 716. The Court has given Mayfield an opportunity to properly frame his claims against specific defendants, but he failed to do so. See MOO at 11-13, 2017 WL 3149358, at *6. See also Minter v. Prime Equipment Co., 451 F.3d at 1206. The Court will dismiss the Amended Complaint with prejudice based on Mayfield's second failure to meet rule 8's requirements.

## III. THE AMENDED COMPLAINT'S ALLEGATIONS FAIL TO STATE A CLAIM FOR RELIEF.

Even if Mayfield's Amended Complaint is not fatally deficient under rule 8, the Amended Complaint fails to state a civil rights claim for relief under § 1915(e)(2)(B). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of state law that result in a deprivation of rights that the Constitution of the United States of America secures. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional

right. Conduct that is not connected to a constitutional violation is not actionable under § 1983. See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public entity may not be based solely on a theory of respondeat superior liability for the actions of employees. See Monell v. Dep't of Social Servs. of City of N.Y., 436 U.S. 658, 691 (1978). A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The plaintiff must allege some identified official's personal involvement in the alleged constitutional violation to succeed under § 1983. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008)(emphasis in the original).

Nor do generalized allegations against entity defendants, without identifying the actors and conduct that caused the deprivation of a constitutional right, state any claim for relief. See Robbins v. Oklahoma, 519 F.3d at 1249-50. The mere naming of an official, without any allegations of personal involvement by him, is insufficient to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, 556 U.S. at 676.

Mayfield makes numerous generalized allegations that he was "subject to many civil rights violations," and Defendants "violated def[endant] const[itutional] rights, MDC policy, DOC, CD, ACA policies, state and Fed law." Amended Complaint at 3-4. He also claims that various Defendants "allowed" these alleged violations, but he does not specify any individualized conduct that would rise to the level of a constitutional violation. See Amended Complaint at 3; Ashcroft v. Iqbal, 556 U.S. at 676. The Court is not obligated to craft legal

theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. See Hall v. Bellmon, 935 F.2d at 1110. To the extent that the statute of limitations does not bar any of Mayfield's § 1983 claims, his Amended Complaint fails to state any claim for relief against any Defendant under 42 U.S.C. § 1983. Neitzke v. Williams, 490 U.S. at 327.

Mayfield's ADA claim also fails. First, it is unclear under what provisions of the ADA Mayfield asserts his claim. See Amended Complaint at 2-5. He is most likely asserting a claim under 42 U.S.C. § 12132, which provides: "[N]o qualified individual with a disability shall . . . be subjected to discrimination of any such [public] entity." 42 U.S.C. § 12132. Prisons qualify as a public entity. See Robertson v. Las Animas County Sheriff's Dep't, 500 F.3d 1185, 1193 (10th Cir. 2007)("Robertson"). To state a claim under 42 U.S.C. § 12132, the plaintiff must allege that "(1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability." Robertson, 500 F.3d at 1193.

Mayfield contends that, because he has a walker and was denied his own cell, the Defendants violated the ADA. See Complaint at 2, 5. The Court cannot conclude from those facts that he has plausibly pled a claim for which relief may be granted. Mayfield seems to be alleging that he was denied the benefit of his own cell. This denial, however, would not be "by reason of a disability." J.V. v. Albuquerque Public Schools, 813 F.3d 1289, 1295 (10th Cir. 2016); Robertson, 500 F.3d at 1193. He would have been denied his own cell, because of prison policies or, perhaps, a limitation on the number of cells. There could be some other benefits that other inmates have, which Mayfield was denied, because he has a walker. For example, the Court notes the request for relief asks that "all handicap inmates (rooms) [be equipped] with

ramps also shower be made handicap access[ible]." Amended Complaint at 9. Nevertheless, his Amended Complaint still fails, because it must be plausible that Mayfield has been denied "meaningful access" to benefits, such as denied meaningful access to a shower. Villa v. D.O.C. Dep't of Corrections, 664 F. App'x 731, 734 (10th Cir. 2016)(unpublished).[4] That Mayfield has a walker is insufficient for the Court to conclude that it is plausible that he has been deprived meaningful access to a shower and to all inmate rooms, even if the shower is not handicap accessible and the rooms lack ramps. Indeed it is "not clear from the Complaint whether he already has meaningful access to" showers and to his room, "but simply wants more accommodations." Villa v. D.O.C. Dep't of Corrections, 664 F. App'x at 734. Accordingly, Mayfield does not plausibly state an ADA claim.

## IV. THE COURT IMPOSES A STRIKE UNDER 28 U.S.C. § 1915(G).

When it enacted the in forma pauperis statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Congress also recognized, however, that a litigant, whose filing fees and court costs that the public assumes, unlike a paying litigant, lacks an economic incentive to refrain from filing

---

[4]Villa v. D.O.C. Dep't of Corrections is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored. . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Villa v. D.O.C. Dep't of Corrections, and Rhodes v. Langston Univ. have persuasive value with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order.

frivolous, malicious, or repetitive lawsuits. See Neitzke v. Williams, 490 U.S. at 324. Congress noted that prisoner suits represent a disproportionate share of federal filings, and enacted a variety of reforms designed to filter out frivolous claims. See Jones v. Bock, 549 U.S. 199, 202-04 (2007). Those reforms have included the Prison Litigation Reform Act's, 28 U.S.C. § 1915(g), three-strike rule, which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the Court concludes that Mayfield's Amended Complaint in this case does not state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the Prison Litigation Reform Act § 1915(g). Mayfield is notified that, if he accrues three strikes, he may not proceed in forma pauperis in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

**IT IS ORDERED** that: (i) the Plaintiff's Motion for Release From Custody, filed May 25, 2017 (Doc. 39), is denied as moot; (ii) the Plaintiff Earl Mayfield's Emergency Motion for Court Order and Exten[s]ion of Time Pursuant to State and Federal Law, filed June 29, 2017 (Doc. 45), is granted; (iii) the Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed July 27, 2017 (Doc. 46), is dismissed with prejudice; and (iv) a strike is imposed under 28 U.S.C. § 1915(g).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Earl R. Mayfield
Northeast New Mexico Detention Facility
Clayton, New Mexico

    *Plaintiff pro se*